IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LITTLE, | CASE NO. CV-F-04-5517 AWI DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST |
| vs. | |
| T. REYNOLDS, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was transferred to this Court on April 2, 2004. In his amended complaint, plaintiff alleges that although there was an inmate appeals process available at his institution and he did file a grievance, he did not complete the grievance process.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).

1       Based on plaintiff's concession that he did complete the grievance process, the court HEREBY
2 RECOMMENDS that this action be dismissed, without prejudice.  42 U.S.C. § 1997e(a); Wyatt v.
3 Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid
4 grounds for dismissal . . . .").

5       These Findings and Recommendations will be submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**
7 after being served with these Findings and Recommendations, plaintiff may file written objections with
8 the court.  The document should be captioned "Objections to Magistrate Judge's Findings and
9 Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
10 waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11     IT IS SO ORDERED.

12     **Dated:**   **December 27, 2006**           **/s/ Dennis L. Beck**
3b142a                                             UNITED STATES MAGISTRATE JUDGE